IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs April 12, 2011

**CHELSEY D. CREWS v. JESSIE C. STAGGS**

**Appeal from the Juvenile Court for Maury County**
**No. 2395239      J. Lee Bailey, III, Judge**

_____

**No. M2010-01624-COA-R3-CV - Filed May 31, 2011**

_____

Primary residential parent appeals determination that the parties rotate the federal tax exemption for their minor child on a yearly basis. At the time the determination was made, the trial court had not determined the amount of child support to be paid by the alternate residential parent in accordance with the child support guidelines. We reverse the decision and remand for reconsideration of the award of the exemption.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed;**
**Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P. J., and FRANK G. CLEMENT, JR., J., joined.

S. Jason Whatley, Columbia, Tennessee, for the appellant, Chelsey D. Crews.

Robert D. Massey, Pulaski, Tennessee, for the appellee, Jessie C. Staggs.

**OPINION**

Chelsey D. Crews ("Mother") and Jessie C. Staggs ("Father") are the parents of a child born on February 27, 2008. The Juvenile Court entered an order on November 18, 2008, _inter alia_, setting Father's child support obligation at $100.00 per week and requiring Father to maintain medical insurance. A hearing was held on May 1, 2009 which largely addressed matters related to visitation; a permanent parenting plan order was entered on May 15 setting forth a "phase-in" schedule for Father's visitation. At the hearing and in the plan, the amount of child support to be paid by Father was reserved in light of the involvement of

the State of Tennessee.[1]  The plan, however, acknowledged that Mother was receiving support from Father and that she could claim the tax exemption for the child each year.

A second permanent parenting plan, denominated an agreed plan, was entered on June 22, 2009.  The plan modified the "phase-in" parenting time schedule by specifying dates and times of Father's visitation for the months of May, June and July, resulting in regular visitation from 6:00 p.m. on Friday to 6:00 p.m. on Sunday on alternating weeks beginning in August and thereafter.  Child support was again reserved with the notation "to be recalculated by the District Attorney's Office, Child Support Division."  Although the parenting plan stated that the tax exemption provision was "reserved to a later date," the plan also provided that Father "may claim the exemption for the child . . . so long as child support payments are current by the claiming parent on January 15 of the year when the return is due."  Mother appealed the May order, but the appeal was dismissed for failure to file a bond for costs.

A third parenting plan was entered on November 18, 2009;[2] included in the "Residential Parenting Schedule" portion of the plan was the following: "THIS WILL BE THE PLAN AND 'CONDITIONS THAT WILL STAY IN THERE UNTIL ALTERED OR AMENDED BY ME' (COURT, JUDGE BAILEY)."  The plan contained some minor changes to the schedule of holiday visitation and set forth "special provisions" governing the exercise of each party's parenting time.  The child support and federal tax exemption provisions were the same as in the June 22 order.

On June 23, 2010, Father filed a motion seeking to have the court review the plan and grant specific relief as follows: (1) change the last name of the child to Staggs; (2) remove the requirements that his overnight parenting time be conducted at his mother's home and that he be precluded from having the child in the presence of non-family members; and (3) rotate the federal tax exemption yearly.  Following a hearing, the court entered an order declining to change the child's name, allowing that Father's overnight parenting time could be exercised at his Father's home and in the presence of non-family members, and permitting the federal tax exemption to be rotated.

Mother appeals that portion of the order that decrees that the tax exemption be rotated rather than being awarded solely to Mother.  Father does not present separate issues for review; however, he identifies three "underlying issues" to the issue presented by Mother:

---

[1]  The State of Tennessee had initiated the proceeding on the relationship of Mother to establish Father's paternity of the child and to set child support.

[2]  The reason for entry of this plan does not appear in the record.

1.  Whether the trial court need to have considered the assumption in the Tennessee Child Support Guidelines that the party receiving child support also receives the tax exemption.

2.  Whether the trial court had sufficient evidentiary basis to determine that the tax exemption should equitably be rotated yearly between the parents.

3.  Whether the May 15, 2009, Parenting Plan rendered the tax exemption res judicata and therefore outside the jurisdiction of the trial court.

## DISCUSSION

Setting child support is a discretionary matter with the trial court; consequently we review the award of support applying an abuse of discretion standard. *Farmer v. Stark*, M2007-01482-COA-R3-CV, 2008 WL 836092 (Tenn. Ct. App. Mar. 27, 2008). Likewise, the decision regarding the allocation of exemptions for minor children is discretionary and should rest on facts of the particular case. *Chandler v. Chandler*, No. W2006-00493-COA-R3-CV, 2007 WL 1840818, at *9 (Tenn. Ct. App. June 28, 2007). Under that standard, we must consider "(1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Farmer*, 2008 WL 836092 at *4 (quoting *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)).

As an initial matter, we address Mother's contention that Tenn. Comp. R. & Regs. 1240-02-04-.03(6)(b)2(ii)[3] is an "appropriate legal standard" applicable to this appeal which the trial court failed to consider. In *Eaves v. Eaves*, E2006-02185-COA-R3CV, 2007 WL 4224715 (Tenn. Ct. App. Nov. 30, 2007), a case in which the same contention was made, the court held that this rule:

---

[3]  Tenn. Comp. R. & Regs. 1240-02-04-.03(6) states, in pertinent part:

(b) Child Support Schedule Assumptions.
* * *
2. Taxation Assumptions.
* * *
(ii) The alternate residential parent will file as a single wage earner claiming one withholding allowance, and the primary residential parent claims the tax exemptions for the child.

Tenn. Comp. R. & Regs. 1240-02-04-.03(6)(b)2(ii).

. . . simply describes the methodology used to compute spouses' respective net incomes. Section 1240-2-4-.03(6) is titled "Assumptions and Methodology Used in the Income Shares Model," subsection (b) of that section is titled "Child Support Schedule Assumptions," and subsection (b)(2) is titled "Taxation Assumptions." The rule relied upon by Wife is not really a rule at all, but a mathematical "assumption" regarding an unrelated matter.

We agree with the *Eaves* court that Tenn. Comp. R. & Regs. 1240-02-04-.03(6)(b)2(ii) is not a directive to a court setting support; consequently, the trial court did not abuse its discretion in not awarding the tax exemption to Mother on the basis of this regulation.

The holding that Tenn. Comp. R. & Regs. 1240-02-04-.03(6)(b)2(ii) does not mandate that Mother be awarded the exemption, however, does not end the inquiry regarding its applicability to this case. The allocation of the tax exemption is one aspect of an order setting support and is properly considered in that regard. *See Hill v. Perryman*, App. No. 89-80-II, 1989 WL 108591, at *2–3 (Tenn. Ct. App. Sept. 22, 1989). The assumption that the federal tax exemption for the child has been claimed by the primary residential parent is incorporated into the Child Support Schedule.[4] The allocation of the tax exemption is also an element of the "financial and tax equities" which the trial court is to consider. *Id*. at *7. In determining whether the trial court abused its discretion in awarding the exemption, therefore, it is necessary to consider the other components of the child support award.

In the order which is the subject of this appeal, the court did not include any factual findings or rationale for its ruling that the exemption be rotated. At the hearing, the court stated the following:

> THE COURT: As far then as letter D on the request of the – under No. 15, federal income tax exemption should rotate yearly, I'm going to find that that should. I think that's an equitable remedy. I think that both parties should be able to share that exemption. I am not aware of any case law, as Mr. Whatley stated, either from the Court of Appeals or our Tennessee Supreme Court that says it should only be with the parent who is the primary custodial parent.

---

[4] Calculation of child support is based on the income shares model, which utilizes a numerical schedule (the "Child Support Schedule") in establishing the dollar amount of the basic child support obligation; the schedule is based on the combined adjusted gross income of both parents. *See* Tenn. Comp. R. & Regs. 1240-02-04-.03(6)(a)1–2, (b)1. Each parent's share of the basic child support obligation is determined "by prorating the child support obligation between the parents in the same ratios as each parent's individual Adjusted Gross Income is to the combined Adjusted Gross Income." Tenn. Comp. R. & Regs. 1240-02-04-.03(6)(a)3.

I think equitably it should be shared by both, that both parents are contributing, and it should – and should enjoy that exemption and that – I think the courts would probably leave that to the trier of fact to determine, based on the proof before the Court, how that should be and whether it's being left strictly with the mother or the father or rotate.

And I think under these circumstances, as Mr. Massey said, his client is currently working, has a good job at the railroad and should also enjoy the benefits of that tax exemption, as so should the mother every other year.

Mother asserts that the evidence does not support the court's decision to alternate the tax exemption and correctly notes that there was scant evidence of the parties' income introduced at the hearing. Father testified that he was employed with CSX Railroad and was paying support and maintaining insurance for the child; he did not testify as to his income or the amount of support being paid. Mother testified that she had recently graduated from a dental assistant school; while in school she worked fifteen to twenty hours per week in her mother's hair salon. At the time of the hearing she held employment as a babysitter and she and the child lived with her parents; she was planning to seek dental employment when the child began pre-K. She did not testify as to the income she received or the expenses of raising the child.

From our review of the record, it appears that the amount of support being paid by Father was $100.00 per week pursuant to the November 18, 2008 order. While the amount of support was to be recalculated by the Office of the District Attorney, the record does not show the reason for the delay in making the recalculation and for the court to make a determination of support in accordance with the child support guidelines. Until the court makes a determination of the amount of child support to be paid by Father in accordance with the guidelines, we cannot determine that rotating the exemption is equitable or whether the court abused its discretion in rotating the exemption. For this same reason, the award of the exemption in the May 19, 2009 order is not res judicata.

## CONCLUSION

For the foregoing reasons, we REVERSE the order awarding the exemption and REMAND the case for reconsideration of the award of the exemption as a part of a determination of child support to be paid by Father.

_____
RICHARD H. DINKINS, JUDGE